UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT, MIAMI, FL  **03-22141**
301 N. Miami Ave, MIAMI, FL

**CIV.-GOLD**

ROBERT F CLARKE, Pro Se              CASE NO:
   Claimant

                                              MAGISTRATE JUDGE
           v                                       SIMONTON

TOMMY THOMPSON, SECRETARY            DATE: August 11, 2003
HEALTH & HUMAN SERVICES
    Agency


In regards to HIC Number 224 50 7675A, request order from the
Secretary of Health & Human Services, via Social Security Admin-
istration to order Medicare HMO AVMED to reimburse claimant for
full amount of services from British Diagnostic Institute for
full amount of services during Spring 2001, an amount in excess of
$1,000, denied by ALJ in the Miami Region Social Security Hearings
& Appeals Office.

The ALJ's actions not supported, findings, or conclusions not sup-
ported by by the evidence. There was an abuse of discretion by
the ALJ. and, broad policy/procedure affecting the public interest.

See 20 CFR, S 404.970, 42 CFR S 422.608. See S 1852(g)(5) of
Social Security Act, 42 USC, S w-22(g)(5).

FACT: Claimant, member of Medicare HMO AVMED, rarely used AVMED
services, but in this situation needed special treatment for im-
potence, presumably due to diabetes, that threatened his marriage
of over 35 years. Hearing cvommercials on the radio of the British
Diagnostic Institute, seemed a possibility for help. Claimant
called AVMED and discussed his going to the Institute over the
phone, and was told to go ahead, it was located out of the Miami
area and submit paid bills for reimbursement. Claimant made sev-
eral visits to BDI, paid the bills, and after collecting2 or 3 paid
bills, submitted them to AVMED, and continued to go to BDI and
paying more bills. Claimant called after awhile to ask about the
2 or 3 already sent in and was informed AVMED was still working
on them. Claimant continued to go to BDI for treatment. Then
AVMED sent a letter to claimant informing him "to wait to the end,
send all bills in in one total marked paid in full along with a
completed form HCFA 1500 completed for all visits. Claimant then
finished his treatments with BDI, and furnished AVMED with the paid
in full complete bill along with the requested HCFA form 1500.
To his shock, AVMED then sent a letter saying they were not going
to reimburse claimant as he had no "authorization number".

DISCUSSION: When claimant first called AVMED AVMED said nothing
of an authorization number, but said go ahead, was located out of
the area, and send in bills paid. After sending in several bills
and not hearing, claimant called in to ask and was told still AVMED
was working onthem..AVMED said nothing about wanting an "authoriza-

ROBERT F CLARKE, Pro Se          Aug 11, 2003        AVMED

tion number or offering one or saying there is a need for one or there will be a problem. Claimant in good faith did as AVMED instructed, went to BDI, sent in several paid bills, called, got letter to wait till the end, waited till end, then was shocked when AVMED suddently whe it was all too late said, we are not paying, no authorization number. Claimant learned from BDI that had claimant not been in a medicare HMO, BDI would have submitted bills to Medicare and Medicare would have paid, in part, and many of their patients came to them not in Medicare HMOs. In retroapect, claimant now suggests that AVMED may have purposefully midled him not just at the start, but later on as they saw the bills mounting and let him continue treatments until the end when they had opportunity to inform him of the authorization number problem so that in the end with their "trickery" they would not have to repay him the several thousand dollar bill they could see was coming. Claimant obviously cannot know this, but is suspicious in retrospect..why did they never on several occasions tell him about need for authorization number.

FACT: In the hearing before the ALJ in Miami, the lawyer for AVMED sloughed off the several opportunities to have warned claimant, and also stated that as a good well gesture...at the end of treatment when they denied repayment, AVMED instead sent claimant a token check for the first visit as a gesture; when in fact claimant never got any token check for the fist visit then or since. Claimant pointed out to ALJ there never was a check, and about all the opportunities AVMED had to correct the festering situation and never did. ALJ paid no attention to claimant's points. A gross miscarriage has happened here, from both AVMED and the ALJ.

DISCUSSION: Since Social Security made monthly payments to AVMED for medical coverage for the claimant, which in turn promised Social Security they would cover him medically no matter if it cost more or less than those regular montlh payments, had the ALJ found in favor or if this court now finds in favor of claimant,it sots the Medicae paln ZERO to reimburse claimant. It only costs AVMED. As to AVMED, they enjoed the membership of claimant for the period of his membership with hardly any claims for hardly any funds. Were AVMED be forced to repay claimant they would still make money on his membership. Had claimant not been in an HMO, Social Security would have paid, in part BDI for its services as they have for others. The ALJ committed an abuse of discretion by not paying heed to the misleading actions by AVMED to claimant, AVMED's failure to ever say anything to claimant about no autorization number, and the lie about sending claimant a token check at the end. Perhaps an error of law in that had the claimant not been in a Medicare HMO, Social Security would have paid. ALJ's findings are at variance with what should have been. The public interest is hurt by allowing a Social Security approved HMO to teat (trick?) an hoenst medically needy member in this fashion. If AVMED were an attorney, would they be disbarred for such conduct?

CONCLUSION: Right the wrongs of AVMED and the ALJ, and require AVMED to reimburse the claimant for the Spring 2001 BDI services. Claimant is an unemployed person collecting Social Security post age 65, who quit AVMED in disgust in Fall 2001 after this shoddy treatment. AVMED made money ob claimant's membership, even if forced to pay this bill...Paying this bill costs Social Security nothing..only AVMED

ROBERT F CLARKE      Pro Se    Aug 11, 2003

NOTE: Alldocumentation is in the hands of Department of Health & Human Services, Departmental Appeals Board, Medicare Appeals Council, Room 633 F, HumphreyBuilding, 200 Independence AVE SW Wash, DC 20201   This includes: form HCFA 1500, final bill marked paid in full, letter to claimant informing him to wait to the end and submit one final bill total marked apid in full aong with the form 1500 covering all visits. and final turn down letter.  Had claimant ever imgined there would be a problem, would have asked at start for a letter from AVMED telling him to go ahead, was out of area.

_____ 8/11/03
Robert F Clarke Pro Se

Copies to:
1. General Counsel,
DHHS, 200 Independence AV SW
Wash, DC 20201

2. US Attorney, Miami Region
Miami, FL

3. Attorney General USA
J Ashcroft
Dept of Justice, Wash, DC

Note: Claimant sought legal help from the Florida Bar Referral Office, obtained 12 names of Social Security attorneys, none of whom was interested, they all wanted to do just SSi and Social Security benefit claims, alo sought help from the New Jersey base Social Security claimants organization, same end result, therefore, claimant has no option but to proceed pro se.

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
ROBERT F CLARKE
PRO SE
10640 SW 129 CRT   MIAMI FL 33186

**DEFENDANTS**
03-22141
Sec. of HHS
200 Independence Ave SW
Wash DC 20201
CIV-GOLD

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** MIAMI DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Dade 03cv22141 ASG/

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
PRO SE
305 382 1952

MAGISTRATE JUDGE SIMONTON

**ATTORNEYS (IF KNOWN)** General Counsel Dept HHS

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: (DADE), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☒ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | **PERSONAL PROPERTY** | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☒ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | **A LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | | **B SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | A☐ 871 IRS — Third Party 26 USC 7609 | A OR B |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
20 CFR § 404.970   42 USC § 622(g)(5)   § 1852(g)(5)   45 CFR 54.1
42 CFR § 422.608
LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case) Failure of Medicare HMO to Reimburse Patient After Trickery

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23   **DEMAND $** in excess of 7000 (See Fib in HHS HQ)   CHECK YES only if demanded in complaint **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)   JUDGE ___   DOCKET NUMBER ___

**DATE** 8/11/03   **SIGNATURE OF ATTORNEY OF RECORD** Robert Clarke

$150.00   887234

08/11/03

**FOR OFFICE USE ONLY**
RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___